**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO:  8:06-cr-63-T-30MAP

JEROME ANTHONY FIFFIE
_____/

# ORDER

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.  The Defendant in this case, having been sentenced prior to November 1, 2007, filed a motion *pro se* seeking a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 and 709 [Dkt. 43].

Defendant pled guilty to Count Four and Count Six of a superseding indictment alleging (1) Count Four - Possession with Intent to Distribute Fifty (50) Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(A)and (2) Count Six - Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1).  The Defendant was sentenced to a term of imprisonment of two hundred and sixty-two (262) months.  The crack cocaine amendment is applicable to this Defendant, but because the guideline sentence was determined by the career offender guideline, and not a particular drug

quantity, the amendment does not have the effect of lowering the applicable guideline sentence.   Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG §1B1.20.

IT IS therefore ORDERED and ADJUDGED that the Defendant's motion for  a reduction of sentence [Dkt. 43] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

Defendant
U.S. Probation
Bureau of Prisons